# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

SHAVEZ LAVELL DIGGS, #319688,

        Petitioner,

v.                                                          ACTION NO. 2:08cv40

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c)(1) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I. STATEMENT OF THE CASE

#### A. Background

Petitioner Shavez Lavell Diggs ("Diggs") was convicted, in the Circuit Court for the City of Suffolk of receiving stolen goods. On February 27, 2003, the trial court sentenced Diggs to 3 years of imprisonment. Diggs did not appeal his conviction to the Virginia Court of Appeals or to the Virginia Supreme Court. On September 28, 2007, Diggs filed a habeas petition in the Virginia Supreme Court, which was dismissed as untimely on December 5, 2007.

Diggs, presently in the custody of the Virginia Department of Corrections at the Southampton

Correctional Center in Capron, Virginia, filed this federal habeas petition on January 24, 2008. On March 3, 2008, the respondent filed a Rule 5 Answer and Motion to Dismiss. Diggs filed his response to the Motion to Dismiss on March 25, 2008. Accordingly, this matter is now ripe for adjudication.

### B. Grounds Alleged

Diggs asserts the following entitle him to relief under 28 U.S.C. § 2254:

(a) the trial court prowaurdeadjddyepnotcand sentenced him for grand larceny although the court found him innocent of that offense at trial;

    (b)    he was denied the effective assistance of counsel when:

        (i)    trial counsel failed to object to Petitioner's conviction and sentencing for grand larceny although the trial court found him innocent of that offense;

        (ii)    trial counsel failed to appeal Petitioner's conviction and sentence for grand larceny although the trial court found him innocent of that offense; and,

    (c)    his incarceration for grand larceny, which the court found him innocent of, is violative of due process.

### II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Exhaustion

In order for this Court to address the merits of this habeas petition, all of Petitioner's claims must be exhausted. See 28 U.S.C. § 2254(b) (2000). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428,

2

1436 (E.D.Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). "A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000), cert. denied, 531 U.S. 1193 (2001). Diggs's Ground (b)(ii) is exhausted because it was presented to the Virginia Supreme Court in his state habeas petition. However, Diggs's remaining claims, Grounds (a), (b)(i), and (c), were never presented to the Virginia Supreme Court. Accordingly, they are simultaneously exhausted and defaulted for purposes of federal habeas review. See Va. Code Ann. § 8.01-654(A)(2) (stating that a state habeas petitioner must file within two years from the date of final judgment in the trial court); Va. Code Ann. § 8.01-654(B)(2) (barring successive petitions). Moreover, Diggs has failed to allege cause and prejudice for the default. See Gray v. Netherland, 518 U.S. 152, 162 (1996).

### B. Statute of Limitations

Diggs's claims are barred by the statute of limitations. The statute of limitations for actions under 28 U.S.C. § 2254 is provided in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . . .

28 U.S.C. § 2244(d)(1)(A). Diggs's conviction became final on March 29, 2003, the date upon

which his time for filing an appeal in the Virginia Court of Appeals expired. See Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000); Rule 5A:6 (directing that a notice of appeal must be filed within 30 days after entry of final judgment). Thus, Diggs had one year from the date his conviction became final (until March 29, 2004) to file his federal habeas petition. Because Diggs filed his federal petition on January 24, 2008, almost four years after the statute of limitations expired, this Court cannot reach the merits of his claims.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Diggs's petition for writ of habeas corpus be DENIED and the respondent's motion to dismiss be GRANTED.

Diggs has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

4

2. A district judge shall make a <u>de novo</u> determination of those portions of the report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this court based upon such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia

July 7, 2008

## **CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Shavez Lavell Diggs, #319688
Southampton Correctional Center
14545 Old Belfield Road
Capron, VA 23829


James Robert Bryden II, Esq.
Office of Attorney General
900 East Main Street
Richmond, VA 23219

                                              Fernando Galindo, Clerk


                                              By _____
                                                 Clerk of the Court

                                              July    , 2008